**FILED**

APR 1 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREEM X. McCRANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09 0687 |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

When plaintiff was 17 years of age, under the so-called "direct filing" provision, the United States Attorney for the District of Columbia charged him as an adult with first degree murder while armed. *See* D.C. Code §§ 16-2301(3)(A) (excluding from the definition of the term "child" an individual "who is under 18 years of age . . . and . . . [is] charged by the United States attorney with . . . murder"), 16-2307(e-2) (establishing "a rebuttable presumption that a child 15 through 18 years of age who has been charged with [murder] should be transferred for criminal prosecution in the interest of public welfare and the protection of the public security"). Plaintiff argues that the "direct filing" provision violates his rights to equal protection of the laws and to due process, thus subjecting him to cruel and unusual punishment due to his long incarceration with adults. He demands injunctive relief in the form of a hearing to determine

1

whether he should have been tried as a juvenile, as well as a declaratory judgment deeming the time he has served thus far "sufficient."

The Court will dismiss the complaint for lack of subject matter jurisdiction. The United States Attorney "exercises a discretion as to whether or not there shall be prosecution in a particular case," and, "as an incident of the constitutional separation of powers, . . . the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." *United States v. Bland*, 472 F.2d 1329, 1335-36 (D.C. Cir. 1972), *cert. denied*, 412 U.S. 909 (1973). The United States Attorney's "exercise of discretion . . . under Section 2301(3)(A) . . . is simply the result of [his] determination . . . that there is sufficient evidence to warrant prosecution of the [criminal defendant] for the offense charged and that adult prosecution is appropriate." *Id.* at 1337-38. "By excluding from the definition of 'child' sixteen- and seventeen-year-olds who are charged by the United States Attorney with certain serious offenses, [D.C. Code § 16-2301(3)(A)] automatically terminates the jurisdiction of the Family Division and transfers jurisdiction over the juvenile to the Criminal Division for prosecution as an adult." *Partlow v. United States*, 673 A.2d 642, 644 (D.C. 1996) (citations omitted). This Court neither can direct a prosecutor's discretion to prosecute a case, *see, e.g., Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965) ("Mandamus will not lie to control the exercise of [the Attorney General's] discretion "of whether or when prosecution is to be instituted"), *cert. denied*, 384 U.S. 906 (1966), nor review the decisions of the District of Columbia courts, *see, e.g., Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), *cert. denied*, 513 U.S. 1150 (1995).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Royce C. Lamberth
United States District Judge

DATE: March 23, 2009